# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LANDMARK AMERICAN INSURANCE COMPANY | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE |
| v. | ) ) | NO. 2:23-cv-02576-JHS |
| BENGAL CONVERTING SERVICES, INC.; ENVISTA FORENSICS, LLC d/b/a AREPA; LINKS DEBT FUND, LLC; THE VICTORY BANK; and COHEN & CLARK, P.C., | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## ANSWER TO COMPLAINT FOR INTERPLEADER
## BY ENVISTA FORENSICS, LLC D/B/A AREPA

Defendant, Envista Forensics, LLC, d/b/a AREPA (hereinafter referred to as "**AREPA**"), by and through the undersigned attorney, hereby answers the Complaint for Interpleader, showing the Court as follows:

### Venue and Jurisdiction

1. AREPA lacks information or belief sufficient to answer the allegations in paragraph 1 of the Complaint for Interpleader and, on that basis, denies the allegations of that paragraph.

2. AREPA lacks information or belief sufficient to answer the allegations in paragraph 2 of the Complaint for Interpleader and, on that basis, denies the allegations of that paragraph.

3. AREPA lacks information or belief sufficient to answer the allegations in paragraph 3 of the Complaint for Interpleader and, on that basis, denies the allegations of that paragraph.

4. AREPA lacks information or belief sufficient to answer the allegations in paragraph 4 of the Complaint for Interpleader and, on that basis, denies the allegations of that paragraph.

5. AREPA admits paragraph 5 of the Complaint for Interpleader.

6. AREPA lacks information or belief sufficient to answer the allegations in paragraph 6 of the Complaint for Interpleader and, on that basis, denies the allegations of that paragraph.

7. AREPA lacks information or belief sufficient to answer the allegations in paragraph 7 of the Complaint for Interpleader and, on that basis, denies the allegations of that paragraph.

8. AREPA lacks information or belief sufficient to answer the allegations in paragraph 8 of the Complaint for Interpleader and, on that basis, denies the allegations of that paragraph.

9. AREPA lacks information or belief sufficient to answer the allegations in paragraph 9 of the Complaint for Interpleader and, on that basis, denies the allegations of that paragraph.

10. AREPA lacks information or belief sufficient to answer the allegations in paragraph 10 of the Complaint for Interpleader and, on that basis, denies the allegations of that paragraph.

**Factual Background**

11. AREPA lacks information or belief sufficient to answer the allegations in paragraph 11 of the Complaint for Interpleader and, on that basis, denies the allegations of that paragraph.

12. AREPA admits that a fire loss occurred on or about July 9, 2022, on Bengal Converting's property. AREPA lacks information or belief sufficient to answer the remaining allegations in paragraph 12 of the Complaint for Interpleader and, on that basis, denies the remaining allegations of that paragraph.

13. AREPA lacks information or belief sufficient to answer the allegations in paragraph 13 of the Complaint for Interpleader and, on that basis, denies the allegations of that paragraph.

14. AREPA lacks information or belief sufficient to answer the allegations in paragraph 14 of the Complaint for Interpleader and, on that basis, denies the allegations of that paragraph.

15. AREPA admits the allegations contained within paragraph 15 of the Complaint for Interpleader.

16. AREPA admits the allegations contained within paragraph 16 of the Complaint for Interpleader.

17. AREPA lacks information or belief sufficient to answer the allegations in paragraph 17 of the Complaint for Interpleader and, on that basis, denies the allegations of that paragraph.

18. AREPA lacks information or belief sufficient to answer the allegations in paragraph 18 of the Complaint for Interpleader and, on that basis, denies the allegations of that paragraph.

19. AREPA lacks information or belief sufficient to answer the allegations in paragraph 19 of the Complaint for Interpleader and, on that basis, denies the allegations of that paragraph.

20. AREPA lacks information or belief sufficient to answer the allegations in paragraph 20 of the Complaint for Interpleader and, on that basis, denies the allegations of that paragraph.

21. AREPA lacks information or belief sufficient to answer the allegations in paragraph 21 of the Complaint for Interpleader and, on that basis, denies the allegations of that paragraph.

22. AREPA admits that AREPA has a colorable claim to Landmark's payment of the June 7, 2023, Sworn Statement in Partial Proof of Loss in the amount of $309,338. AREPA lacks information or belief sufficient to answer the remaining allegations in paragraph 22 of the Complaint for Interpleader and, on that basis, denies the remaining allegations of that paragraph.

23. AREPA admits that AREPA and Bengal Converting have not resolved the dispute between themselves. AREPA lacks information or belief sufficient to answer the remaining allegations in paragraph 23 of the Complaint for Interpleader and, on that basis, denies the remaining allegations of that paragraph.

24. AREPA lacks information or belief sufficient to answer the allegations in paragraph 24 of the Complaint for Interpleader and, on that basis, denies the allegations of that paragraph.

## AREPA'S CLAIM TO THE FUNDS AT ISSUE

25. AREPA alleges that its claim to the funds to be interpleaded is superior to the claim of any other present or future claimant, including Bengal Converting Services, Inc. ("**Bengal**"); Links Debt Fund, LLC ("**Links**"); The Victory Bank ("**Victory**"); Cohen & Clark, P.C. ("**Cohen & Clark**"); or any other entity or person, and that AREPA is entitled to the funds.

26. On or about July 11, 2022, Bengal retained AREPA to provide emergency remediation services at Bengal's facility after the Loss (as defined in Plaintiff's Complaint for Interpleader). A true and correct copy of the Emergency Equipment Restoration Agreement is attached to this Answer as Exhibit 1.

27. The total price for AREPA's emergency remediation services was $717,136.04. Bengal has refused to pay any amount to AREPA.

28. On or about June 19, 2023, AREPA instituted an arbitration proceeding against Bengal for breach of the Emergency Equipment Restoration Agreement with the American Arbitration Association, Case No. 01-23-0002-7248 (the "Arbitration"). A true and correct copy of AREPA's Statement of Claim is attached to this Answer as Exhibit 2 and is incorporated herein by reference.

29. AREPA's arbitration proceeding against Bengal remains pending.

30. AREPA has a claim to all of the interpleaded funds by virtue of the Arbitration. If successful in the Arbitration, AREPA is informed and believes its claim to the funds at issue is superior to any competing claim by any other claimant or defendant in this action.

31. To the extent any of the defendants in this action have made material allegations in their answers or other pleadings in support of a claim to the funds at issue, AREPA generally and specifically denies each and every one of those allegations.

**First Affirmative Defense**

AREPA is entitled to a full payment of $309,338 from the funds in the registry of the Court.

**Second Affirmative Defense**

AREPA is not waiving its right to make a claim directly against Bengal Converting in the event the funds recovered through the present interpleader action are not sufficient to satisfy the amount due and owing to AREPA.

**Third Affirmative Defense**

Disbursement of the funds at issue to anyone other than AREPA would constitute unjust enrichment of such person or entity.

**Fourth Affirmative Defense**

Bengal, Links, Victory, Cohen & Clark, or any person or entity other than AREPA are estopped from claiming an interest in the funds at issue.

**Fifth Affirmative Defense**

Any claim of Bengal, Links, Victory, Cohen & Clark, or any person or entity other than AREPA to the funds at issue is barred because such defendants, persons, or entities consented to the relief sought by AREPA.

**Sixth Affirmative Defense**

Bengal, Links, Victory, Cohen & Clark, or any other person or entity other than AREPA lack standing to pursue any claims to the funds at issue because the funds belong to AREPA.

**Seventh Affirmative Defense**

Bengal, Links, Victory, Cohen & Clark, or any other person or entity other than AREPA have waived any claim to the funds at issue.

### Eighth Affirmative Defense

Recovery of the funds at issue by Bengal, Links, Victory, Cohen & Clark, or any other person or entity should be barred, modified, reduced, changed, offset, or setoff to reflect sums and liabilities owed to AREPA by such persons or entities.

### Ninth Affirmative Defense

Recovery of the funds at issue by Bengal, Links, Victory, Cohen & Clark, or any other person or entity other than AREPA is barred by the doctrine of unclean hands.

### Tenth Affirmative Defense

Bengal, Links, Victory, Cohen & Clark, or any other person or entity other than AREPA are barred from recovering the funds at issue because such individuals and entities engaged in conduct to harm AREPA as the assignee of the funds at issue.

### Eleventh Affirmative Defense

AREPA reserves and does not waive any additional or further defenses, affirmative defenses, cross-claims, or counterclaims as may be revealed by additional information that may be acquired in discovery or otherwise.

### **PRAYER**

AREPA prays for Judgment as follows:

(a) That Plaintiff be allowed to interplead the funds at issue;

(b) That the funds at issue be awarded to AREPA;

(c) For reasonable attorneys' fees to be paid by Bengal, Links, Victory, Cohen & Clark, and other defendants pursuant to applicable law;

(d) For costs; and

(e) For such other and further relief as the Court deems just and proper.

Respectfully submitted this 18th day of September, 2023.

                                                         WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC

                                                       /s/ *Joshua E. Swiger*
Joshua E. Swiger
Attorney I.D. No. 79927
3344 Peachtree Road, NE, Suite 2400
Atlanta, Georgia 30326
Tel. (404) 876-2700 / Fax (404) 875-9433
jswiger@wwhgd.com
*Attorney for Defendant, Envista Forensics, LLC, d/b/a AREPA*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of September, 2023, I electronically filed the foregoing Answer to Complaint for Interpleader by AREPA with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Philip Priore
Christopher Regan
McCormick & Priore, P.C.
Two Commerce Center, Suite 3810
2001 Market Street
Philadelphia, PA 19103
ppriore@mccormickpriore.com
cregan@mccormickpriore.com
*Attorneys for Plaintiff Landmark American Insurance Company*

Michael J. Casper
Wheeler Diulio & Barnabei
1617 John F. Kennedy Blvd., Suite 1270
Philadelphia, PA 19103
mcasper@wdblegal.com
*Attorney for Defendant Cohen & Clark, P.C.*

The following is the list of parties who are not on the list to receive e-mail notices for this case (who therefore require manual noticing):

Bengal Converting Services, Inc.
1155 Main Street
Limerick, PA 19468

Links Debt Fund LLC
150 N. Radnor Chester Road
Suite F-200
Radnor, PA 19087

/s/ *Joshua E. Swiger*
Joshua E. Swiger (PA ID 79927)
Weinberg, Wheeler, Hudgins, Gunn
& Dial, LLC
3344 Peachtree Road, NE, Suite 2400
Atlanta, GA 30326

Tel. (404) 876-2700
jswiger@wwhgd.com
*Attorney for Defendant, Envista Forensics, LLC d/b/a AREPA*