# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LANDMARK AMERICAN INSURANCE COMPANY, <br><br> PLAINTIFF, <br><br> V. <br><br> BENGAL CONVERTING SERVICES, INC.; ENVISTA FORENSICS, LLC, D/B/A AREPA; LINKSDEBT FUND LLC, THE VICTORY BANK AND COHEN & CLARK, P.C., <br><br> DEFENDANTS. | CIVIL ACTION FILE <br><br> NO. 23-2576 |

## DEFENDANT BENGAL CONVERTING SERVICES, INC.'S ANSWER TO PLAINTIFF LANDMARK AMERICAN INSURANCE COMPANY'S COMPLAINT FOR INTERPLEADER

Defendant Bengal Converting Services, Inc. ("Bengal" or "Defendant") by and through its undersigned counsel, respectfully submits the following Answer. Defendant responds to the Complaint of Landmark American Insurance Company ("Landmark" or "Plaintiff") as follows:

### Venue and Jurisdiction

1. Denied. The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required. The allegation is therefore denied.

2. Admitted.

3. Denied. Defendant is without sufficient information to confirm or deny this allegation. The allegation is therefore denied.

4. Admitted.

5. Denied. Defendant is without sufficient information to confirm or deny this allegation. The allegation is therefore denied.

6. Admitted.

7. Denied. Defendant is without sufficient information to confirm or deny this allegation. The allegation is therefore denied.

8. Denied. Defendant is without sufficient information to confirm or deny this allegation. The allegation is therefore denied.

9. Denied. The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required. The allegation is therefore denied.

10. Admitted.

**Factual Background**

11. Admitted in part and denied in part. It is admitted that Landmark is the insurance carrier who issued the Landmark Policy. The Landmark Policy is a written document that speaks for itself and any characterization of that policy other than what is set forth in the written document is denied.

12. Admitted in part and denied in part. All allegations in this paragraph are admitted except to the extent that this paragraph could be read in any way to suggest that the amount set forth is the full amount that Bengal is owed as a result of the loss, which is denied.

13. Admitted.

14. Denied. Defendant is without sufficient information to confirm or deny this allegation. The allegation is therefore denied.

15. Admitted.

#124290338v1

16. Admitted in part and denied in part. It is admitted that Bengal and AREPA entered into an Agreement and that AREPA presented the Agreement to Landmark. It is denied that the Agreement entitled AREPA to direct payment from Landmark.

17. Admitted in part and denied in part. It is admitted that Landmark issued a check in the amount of $309,338.00 to some of the Defendants listed. Any part of this allegation that differs from the document attached as Exhibit D to the Complaint is denied.

18. Admitted.

19. Admitted.

20. Admitted in part and denied in part. While this allegation was true when alleged, all Defendants have agreed that the Partial Proof of Loss totaling $309,338.00 should be released to Defendant AREPA.

21. Admitted. By way of further response, Landmark's allegation that it is a "neutral party" is interesting considering that it is the lone impediment to distributing the funds.

22. Admitted.

23. Admitted in part and denied in part. It is admitted that at the time this statement was made, the Defendants had not resolved the dispute amongst themselves. However, at the time of this filing, the Defendants have resolved the dispute, and Landmark is obstructing the payment of funds to Defendant AREPA.

24. Admitted.

25. Denied. The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required. The allegation is therefore denied. By way of further response, the relief requested by Landmark, a release of liability as to all parties, is far broader than permitted by an interpleader action.

#124290338v1

WHEREFORE, Defendant Bengal Converting Services, Inc. admits in part and denies in part the allegations in Plaintiff's "Wherefore" paragraphs. Bengal does not oppose allowing Landmark to interplead the funds or discharge Landmark as to any liability specifically regarding the $309,338 that has been interpleaded at the resolution of this matter (but not all liability under the Policy or related to the underlying Loss). Bengal opposes the relief sought in subparagraphs B – E as exceeding the relief that is available to a Plaintiff pursuant to an interpleader action and therefore denies that such relief is warranted.

Respectfully submitted,

Dated: June 21, 2024

*/s/ David A. Rodkey*
**DILWORTH PAXSON LLP**
David A. Rodkey, Esquire
PA Attorney Id. No. 325698
1500 Market Street Suite 3500E
Philadelphia, PA 19102
Phone: 215-575-7027
Fax: 215-575-7200
Email: drodkey@dilworthlaw.com

## CERTIFICATE OF SERVICE

I, David A. Rodkey, hereby certify that on June 21, 2024, I caused a true and correct copy of the foregoing Answer to be served on all counsel via the Court's ECF system.

Dated: June 21, 2024

*/s/ David A. Rodkey*
**DILWORTH PAXSON LLP**
David A. Rodkey, Esquire
PA Attorney Id. No. 325698
1500 Market Street Suite 3500E
Philadelphia, PA 19102
Phone: 215-575-7027
Fax: 215-575-7200
Email: drodkey@dilworthlaw.com

#124290338v1